**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

AL JABBAR SALAM,                                                                                   PLAINTIFF
ADC #091534

v.                                          5:14CV00441-BSM-JTK

JIMMY W. VIA, III, et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

1

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Salam is a state inmate confined at the Varner Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action, alleging Defendants Via and Mingo failed to protect him from an attack by another inmate.[1]

Pending before the Court are Defendant Mingo's Motions to Revoke Plaintiff's In Forma Pauperis Status and to Dismiss (Doc. Nos. 17, 19), and Defendant Via's Motion to Dismiss (Doc. No. 26). When Plaintiff failed to timely respond to the Motions, the Court issued an Order on March 2, 2015, providing him an additional fifteen days in which to

---

[1] Several other allegations against other Defendants were dismissed on January 29, 2015 (Doc. No. 14).

respond, and informing him that failure to respond could result in the dismissal without prejudice of this lawsuit, for failure to prosecute (Doc. No. 29). As of this date, Plaintiff has not responded to the Motions.

Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

In light of Plaintiff's failure to respond to the Motions, the Court finds that his Complaint against Defendants Via and Mingo should be dismissed without prejudice, for failure to prosecute. Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED without prejudice for failure to prosecute.

2. Defendants' Motions to Revoke and Dismiss (Doc. Nos. 17, 19, 26) be DENIED as moot.[2]

---

[2] For future reference, the Court notes that a dismissal for failure to exhaust is no longer considered as a strike. See Owens v. Isaac, 487 F.3d 561 (8th Cir. 2007), and Smith v. Duke, 296 F.Supp.2d 965 (E.D.Ark. 2003).

IT IS SO RECOMMENDED this 19th day of March, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE